IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-84942-TJM |
| | ) | |
| CLARENCE D. WOOD II, | ) | |
| | ) | CH. 7 |
| Debtor(s) | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on January 26, 2009, regarding Filing No. 13, Motion for Turnover, filed by the trustee. Dean Jungers appeared for the debtor and Thomas Stalnaker appeared as Chapter 7 trustee.

This Chapter 7 debtor is the executor of his parent's probate estate. On his bankruptcy schedule, he listed a receivable due from the estate of Vivian R. Wood in the amount of $11,000.00. Ms. Wood was the mother of the debtor.

During the administration of the estate, the debtor received from the estate of Vivian R. Wood at least $8,540.39. He did not report the receipt of such funds to the trustee, and, according to his affidavit (Fil. #22), he spent that amount plus additional amounts received from the estate to pay down some of the pre-petition credit card debt.

When the trustee was informed of the receipt and use of the funds, the trustee and the debtor, through counsel, agreed that the debtor would pay the amount back at the rate of $250.00 per month. None of these installment payments were made.

The trustee has filed a motion for turnover of the amount received and spent, $8,540.39. Following a hearing on the motion, the court entered an order requiring the debtor to file an affidavit concerning his current income, expenses, assets, liabilities, the amount remaining to be distributed from the estate, the amount he had received as executor of the estate, and the amount he anticipated receiving in the future.

In response, the debtor filed an affidavit (Fil. #22). In it, he informs the court that he did not really understand that the amount he was to receive after filing the bankruptcy case should be reported to and delivered to the trustee. He shows that his monthly income, which includes United States Air Force pension and Social Security, is insufficient, even after filing bankruptcy, to cover his monthly expenses. In addition, he informs the court that the probate estate currently has on hand $155,000.00 and real estate valued at $325,000.00. When distributed, after deducting executor and attorney fees, plus any taxes, the remainder will be divided seven ways among the heirs or beneficiaries of the estate.

Based upon his current income and expenses, the debtor has requested the court to waive any requirement that the amount he received and spent be paid to the trustee.

Case law in the Eighth Circuit prohibits a trustee from using the turnover statute, 11 U.S.C. § 542(a), to coerce a debtor to deliver to a trustee funds no longer in debtor's possession at the time the motion is filed. See Brown v. Pyatt (In re Pyatt), 486 F.3d 423 (8th Cir. 2007). The trustee may have other remedies, such as an action for conversion of estate property or an action for breach of the oral agreement to repay, but he does not have the right to compel turnover.

In addition to the $8,540.39 already received and spent, any further distributions that the debtor receives as his share of the probate estate assets, separate from his executor fee, must be delivered to the trustee to be administered for the benefit of the unsecured creditors listed on the original schedules. If the debtor paid some of the unsecured claims listed on the schedules, he should amend the schedules to show which claims were paid and how much they were paid. Although Filing # 22 provides some detail of the use of estate funds, the schedules should be amended to show post-petition payments from the probate estate funds.

The trustee has been requested to prepare a proposed order, a certified copy of which can be filed in the probate estate, requesting that the attorney for the probate estate and the executor make certain that all future distributions based upon the debtor's interest be paid directly to the trustee for the benefit of the bankruptcy estate. In addition, to make it absolutely clear, the debtor is ordered to make certain the funds representing his interest in future distributions from the probate estate are paid to the trustee.

IT IS ORDERED that the trustee's motion for turnover (Fil. #13) is denied. It is required that the debtor cooperate with the trustee to obtain the funds from future distributions.

DATED:      February 18, 2009

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    Dean Jungers
    *Thomas Stalnaker
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.